## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS AT KANSAS CITY

| | |
|---|---|
| JONATHAN HERNANDEZ,<br>Individually And On Behalf Of<br>All Others,<br><br>    Plaintiffs,<br><br>vs.<br><br>DOORDASH, INC.,<br>Registered Agent:<br>Registered Agent Solutions, Inc.<br>2101 SW 21st Street<br>Topeka, KS   66604<br><br>    Defendant. | Case No.: 2:19-cv-2159<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Jonathan Hernandez, by and through his attorneys, and brings the following amended complaint against Defendant, Doordash, Inc., ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendant for violations of the FCRA.

2. Defendant obtained information concerning the Plaintiff's wife from a third party.

3. Defendant paid a fee to the third party for the information it obtained concerning the Plaintiff's wife.

4. The information obtained from the third party concerning the Plaintiff was a consumer report (as a consumer report is defined pursuant to the FCRA).

5. Defendant relies on information in consumer reports to make decisions regarding prospective or current employees.

6. Defendant relies on information in a consumer report, in whole or in part, as a

basis for adverse employment action; such as a refusal to hire and/or termination.

7. Plaintiff seeks statutory damages, punitive damages, costs and attorney's fees, and all other relief available pursuant to the FCRA.

## PARTIES

8. Plaintiff is a resident of Edwardsville, Kansas. Plaintiff is a member of the Putative Classes defined below.

9. Defendant is a foreign company formed under the laws of Delaware doing business in Kansas and throughout the United States.

## JURISDICTION AND VENUE

10. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 28 U.S.C. § 1331.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Plaintiff resides in Kansas, applied to work for Defendant in Kansas, and his claims arise, in substantial part, in Kansas. Defendant regularly conducts business in Kansas and is subject to personal jurisdiction in this district.

12. Plaintiff desires the trial to be held in the District Court of Kansas at Kansas City.

## FACTUAL ALLEGATIONS

13. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

14. Plaintiff applied online through Craigslist for employment with Defendant on or about February, 2018.

15. Plaintiff's wife had applied for the same position a few days prior and been denied employment due to her consumer report.

16. Plaintiff received a text message from Defendant setting up a time for an

interview.

17. Plaintiff went in a few days after his wife was denied employment for an interview with Defendant.

18. Plaintiff's wife accompanied the Plaintiff to the interview.

19. When the Defendant called Plaintiff's name for the interview he stood up and the Defendant saw the Plaintiff's wife.

20. Defendant told Plaintiff that he could not work there either due to his wife's consumer report.

21. Denying the Plaintiff a job because of information in a consumer report is an adverse action (as an adverse action is defined pursuant to the FCRA).

22. Plaintiff was not provided with a reasonable amount of time to challenge or address the information in the consumer report.

23. Plaintiff was not provided with an FCRA summary of rights prior to the adverse action that was based on information in his wife's consumer report.

24. Plaintiff did not fully understand his FCRA rights and did not know how or if he could properly challenge the adverse action.

25. Defendant's sudden denial of employment caused the Plaintiff to suffer stress, anxiety, lost compensation and lost opportunity.

26. Defendant's denial of employment prior to the receipt of the consumer report and the FCRA Summary of Rights left the Plaintiff confused regarding the ability to address any misleading information or inaccuracy in his wife's consumer report.

27. Plaintiff may have been able to obtain employment if given the proper opportunity to address the information in the consumer report.

28. Defendant contracted with Chekr that it would provide a copy of the consumer report and a copy of the FCRA Summary of Rights before any adverse action was taken based in whole or in part on information contained within a consumer report.

29. The agreements made between the Defendant and the consumer reporting agency contain promises that require the Defendant to abide by the protections provided by 15 U.S.C. §1681b(b)(3).

## FCRA VIOLATIONS

30. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

31. Defendant obtained a "consumer report," as defined by the FCRA, concerning the Plaintiff's wife.

32. Defendant used Plaintiff's wife's consumer report, to take adverse employment action against the Plaintiff.

33. Defendant violated the FCRA by failing to provide Plaintiff, with a copy of the consumer report that was used to take adverse employment action against him prior to the adverse action.

34. Defendant violated the FCRA by failing to provide the Plaintiff with a reasonable time to explain the contents of the consumer report or cure any inaccuracies within the consumer reports prior to the adverse action.

35. Had Defendant complied with the FCRA, Plaintiff would have been given a copy of the Summary of Rights.

36. Had Defendant complied with the FCRA, Plaintiff would have been given more time to review, dispute and/or address the information contained in the consumer

report.

37. Plaintiff was not provided with a reasonable amount of time to challenge any inaccuracy that was present within the consumer report before being denied employment.

38. Plaintiff was not provided with a FCRA Summary of Rights prior to the adverse action that was based in whole or in part upon the consumer report.

39. The Defendant's failure to provide the Plaintiff a copy of the consumer report or the FCRA Summary of Rights denied the Plaintiff a meaningful opportunity to address the information contained within the consumer report.

40. Being provided a copy of the consumer report before termination, in compliance with the FCRA, would have helped the Plaintiff understand what information the Defendant was using against him.

41. A copy of the Summary of Rights before denied employment would have helped the Plaintiff understand what his rights were and would have provided valuable information that may have assisted the Plaintiff in maintaining employment.

42. Defendant's failure to comply with the unambiguous mandates of the FCRA injured the Plaintiff.

43. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

   a. Defendant has access to legal advice through outside employment counsel;

   b. The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

    c. 15 U.S.C. §1681b(b)(1) required the Defendant to certify that the protections of 15 U.S.C. §1681b(b)(3) would be followed if a consumer report was received concerning the consumer.

44. Plaintiff is entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

45. Plaintiff is also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

46. Plaintiff is further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

    a. Order finding that Defendant committed violations of the FCRA;

    b. Order finding that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

    c. Order awarding statutory damages and punitive damages as provided the FCRA;

    d. Order awarding reasonable attorneys' fees and costs as provided by the FCRA;

    e. Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed class have a right to jury trial.

Respectfully submitted,

By: /s/ C. Jason Brown
Charles Jason Brown KS 70700
Jayson A. Watkins KS 78463
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF